WILLIS, Judge,
dissenting.
The commission’s factual findings, if supported by credible evidence, are binding. Jules Hairstylists, Inc. v. Galanes, 1 Va.App. 64, 334 S.E.2d 592 (1985).
Dr. Stuart Seides, a cardiologist, after reviewing Patton’s medical records and examining him, reported, in pertinent part:
Mr. Patton has multiple risk factors for the development of coronary heart disease. He has documented hypertension, non-insulin dependent diabetes mellitus, hypercholesterolemia, a family history of premature coronary heart disease ..., and previous tobacco abuse____[H]e was found to have multi-vessel coronary atherosclerosis with critical obstruction of the “culprit” right coronary artery ..., but also well developed atherosclerotic placquing in the left anterior descending and left circumflex systems____ Mr. Patton had relatively advanced coronary atherosclerosis caused by the multiple aforementioned factors____[I]t is highly likely that the myocardial infarction would have occurred in or around the same time frame regardless of his activities. Although “stress” is often considered to be an important trigger for myocardial infarction, most infarcts occur in the absence of an identifiable environmental event and in those cases where there is an apparent association, it may be simple coincidence. What is most important is the presence of the underlying substraight [sic] of atherosclerosis which is a multifactorial process developing over a period of many years in the setting of the risk factors outlined in this case. The relationship of occupation to the development of atherosclerosis is virtually nil.
The commission held:
*400 We have carefully considered the fact that Dr. Seides is not a treating physician, and that he was not aware of the details of [Patton’s] stressful job environment. Nevertheless, he is the only physician to have expressed a definite opinion of the cause of [Patton’s] heart disease. His opinion is logical in light of the numerous non-work related factors acknowledged by the other physicians. Accordingly, we conclude that the employer has established by a preponderance of the evidence non-work related causes of the disease, and that work was not a cause of the disease.
This factual finding is supported by Dr. Seides’ report. As it was entitled to do, the commission believed Dr. Seides and gave his findings and conclusions preponderating evidentiary weight. The issue on appeal is whether those findings and conclusions, so weighed, are sufficient to rebut the presumption set forth in Code § 65.2-402.
The majority relies on Medlin v. County of Henrico Police, 34 Va.App. 396, 542 S.E.2d 33 (2001). In Medlin, we said:
We, accordingly, hold that evidence that merely rebuts generally the underlying premise of the statute, which establishes a causal link between stress and heart disease, is not probative evidence for purposes of overcoming the presumption.
Id. at 407, 542 S.E.2d at 39 (emphasis added).
Dr. Seides’ salient findings and conclusions may be stated thus:
(1) Patton’s coronary disease was caused exclusively by his multi-vessel coronary atherosclerosis and did not derive from any other cause.
(2) Patton’s atherosclerosis did not derive from his employment.
(3) Patton’s atherosclerosis derived altogether from the non-employment-related factors described in Dr. Seides’ report.
In my view, Dr. Seides’ report was not merely a general rebuttal of the statutory presumption, but was, rather, a *401 specific attribution of Patton’s coronary disease exclusively to non-employment-related factors, satisfying the holding in Medlin and sufficiently supporting the commission’s decision.
I would affirm the judgment of the commission.